[Cite as *State v. Bickerstaff*, 2024-Ohio-871.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals Nos.  L-23-1013
                                                                                                L-23-1147
            Appellee
                                                                    Trial Court Nos.  CR0202201841
                                                                                                CR0202201443

v.

Marc Bickerstaff                                    **DECISION AND JUDGMENT**

            Appellant                                         Decided:  March 8, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a delayed, consolidated appeal from the judgments by the Lucas County Court of Common Pleas, which sentenced appellant, Marc Bickerstaff, to an aggregate prison term from nine years definite to nine years indefinite for four felony counts of robbery, after the trial court accepted appellant's guilty pleas and convicted him

of those offenses. For the reasons set forth below, this court affirms the trial court's judgments.

## I. Background

{¶ 2} On March 22, 2022, a Lucas County Grand Jury issued an indictment against appellant for one count of robbery, a violation of R.C. 2911.02(A)(2) and a second-degree felony pursuant to R.C. 2911.02(B), and two counts of aggravated robbery, violations of R.C. 2911.01(A)(1), and first-degree felonies pursuant to R.C. 2911.01(C). Each count added the specification that appellant was a repeat violent offender pursuant to R.C. 2941.149. This case was assigned case No. CR2022-1443. Appellee, state of Ohio, alleged that on March 11 and on March 12, 2022, appellant robbed a Huntington Bank branch and two 7-Eleven stores in Toledo, Lucas County, Ohio. Appellant pled not guilty to the charges, and discovery commenced in anticipation of a trial.

{¶ 3} Then on May 24, 2022, a Lucas County Grand Jury issued an indictment against appellant for one count of robbery, a violation of R.C. 2911.02(A)(2) and a second-degree felony pursuant to R.C. 2911.02(B). This case was assigned case No. CR2022-1841. Appellee alleged that on May 10, 2022, appellant robbed a Kroger store in Toledo, Lucas County, Ohio. Appellant pled not guilty to the charge, and discovery commenced in anticipation of a trial.

2.

**{¶ 4}** Although case Nos. CR2022-1443 and CR2022-1841 were not consolidated by a trial court order, comprehensive plea negotiations resulted in a combined plea hearing on July 20, 2022.

**{¶ 5}** In case No. CR2022-1443, appellant pled guilty to one count of robbery, a violation of R.C. 2911.02(A)(2) and a second-degree felony pursuant to R.C. 2911.02(B), and two amended counts of the lesser-included offenses of robbery, violations of R.C. 2911.02(A)(2), and second-degree felonies pursuant to R.C. 2911.02(B). Appellee agreed to nolle prosequi the three R.C. 2941.149 specifications at sentencing.

**{¶ 6}** In case No. CR2022-1841, appellant pled guilty to one count of the lesser-included offense of robbery, a violation of R.C. 2911.02(A)(3) and a third-degree felony pursuant to R.C. 2911.02(B). Appellant also agreed to pay restitution to Kroger.

**{¶ 7}** The combined sentencing hearing was held on August 17, 2022. In case No. CR2022-1443, the trial court ordered appellant to serve, concurrently, for each of the three offenses, a mandatory, minimum term of six years in prison and a maximum indefinite term of nine years. In addition to other matters, the trial court ordered appellant to pay restitution of $340 to Huntington Bank and of $160 to 7-Eleven. In case No. CR2022-1841, the trial court ordered appellant to serve, consecutively to case No. CR2022-1443, a three-year prison term, for an aggregate prison term of a minimum nine years with an indefinite maximum of nine years. Among other matters, the trial court ordered appellant to pay restitution of $2,028.95 to Kroger.

3.

**{¶ 8}** On June 5, 2023, this court granted appellant's motion to file delayed appeals of case No. CR2022-1443, assigned appellate case No. L-23-1147 pursuant to an amended notice of appeal, and of case No. CR2022-1841, assigned appellate case No. L-23-1013. This court subsequently consolidated both appeals.

**{¶ 9}** Appellant sets forth one assignment of error:

"THE TRIAL COURT ERRORED (sic.) WHEN IT SENTENCED THE DEFENDANT TO CONSECUTIVE TERMS, CITING HIM AS A DANGER TO SOCIETY, WHEN HE WAS NON-VIOLENT, REMORSEFUL, AND ONLY COMMITTED THE OFFENSES DUE TO DRUG ADDICTION."

## II. Consecutive Sentencing

**{¶ 10}** In support of his sole assignment of error, appellant argues the trial court committed reversible error when it imposed consecutive sentences on him by describing him as a danger to the community. Appellant argues he "was clearly not a danger to anyone, society or otherwise" for four reasons: (1) he expressed at sentencing remorse and sorrow and apologized to the court and to society; (2) "he only committed an offense due to his drug issues"; (3) "[h]e did not have a weapon"; and (4) "[t]here was no testimony as to any injuries of a victim." Citing to Crim.R. 52(A),[1] appellant argues the trial court's sentencing decision was "error" and affected his substantial rights such that

---

[1] Crim.R. 52(A) is entitled, "harmless error," and states, "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."

4.

appellant "deserves to be resentenced with his remorse and the facts of the matter properly taken under advisement."

{¶ 11} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). *State v. Crisp,* 6th Dist. Williams Nos. WM-22-005, WM-22-006, 2023-Ohio-3537, ¶ 44-48. That section provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 12} Without arguing or acknowledging the applicability of R.C. 2929.13, R.C. 2929.14 or R.C. 2929.20 to his sentencing, appellant takes exception to the trial court's finding that he is a danger to society. He simply argues that this finding is plainly erroneous. Hence, he advocates this court undertake a harmless-error analysis of his sentencing under Crim.R. 52(A) as if it were the dissimilar plain-error analysis under Crim.R. 52(B). The foundation of his plain error claim is his expressed remorse, his assertion that no weapon was brandished to any of his multiple victims, no person was injured and his conduct was provoked by a 25-year crack cocaine addiction.

5.

{¶ 13} Contrary to appellant's arguments, the harmless-error analysis of Crim.R. 52(A), and the plain-error analysis of Crim.R. 52(B), are both irrelevant to this case. As stated, our standard of review is set forth in R.C. 2953.08(G)(2). Moreover, despite his statements to the sentencing court, appellant admitted to four separate robberies in these cases before the court. Additionally, at the time of his plea, he had 12 prior adult felony convictions, five of which were for robbery, including one at the federal level.

{¶ 14} Under R.C. 2929.14(C)(4), where a trial court imposes multiple prison terms for convictions of multiple offenses, it may require the offender to serve the prison terms consecutively if it finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if it also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 15} A sentencing court must make its findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate them into the sentencing entry, but it need not state the reasons behind its findings. *Crisp* at ¶ 48.

{¶ 16} The record reflects that the trial court made the following findings at the combined sentencing hearing:

And in case 1841, the defendant is sentenced to a term of 36 months of imprisonment which shall be served consecutively to the three concurrent robberies in 1443 as the defendant was awaiting trial when the new offense was committed.

The court also finds that it's necessary to fulfill the purposes of 2929.11 and 2929.14(C)(4) that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that they are not disproportionate to the seriousness of the offender's conduct and the danger that the offender [imposes] * * *.

7.

{¶ 17} The record therefore establishes that the trial court found that each of the conditions under R.C. 2929.14(C)(4)(a), (b) and (c) were met although only a single finding was required.

{¶ 18} The foregoing findings are also repeated in the sentencing entry in CR2022-1841, and the sentencing entry in CR2022-1443 refers back to the sentencing entry in CR2022-1841 by stating, "The sentences are ordered to be served concurrently to each other but consecutive to case number 22-1841."

{¶ 19} Recently, the Supreme Court firmly pronounced that the plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record. *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 4-5. The court also emphasized that the statutory language does not require that the appellate court have a firm belief or conviction that the record supports the findings. The clear-and convincing standard for appellate review in R.C. 2953.08(G)(2) is written in the negative. *Id.* at ¶ 12-15.

{¶ 20} We have reviewed the record and do not find the trial court's consecutive-sentence findings are clearly and convincingly not supported by the record under R.C. 2953.08(G)(2).

{¶ 21} Therefore, appellant's sole assignment of error is not well-taken.

8.

### III. Conclusion

**{¶ 22}** On consideration whereof, we find that substantial justice has been done in this matter. The judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                                     JUDGE

Christine E. Mayle, J.

                                                  _____

Charles E. Sulek, J.                                      JUDGE
CONCUR.

                                                  _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.