[Cite as *State v. Gallardo*, 2024-Ohio-2942.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

        Appellee

v.

Joseph Gallardo

        Appellant

Court of Appeals No.  OT-23-025
OT-23-026

Trial Court No.  23 CR 007
22 CR 134

**DECISION AND JUDGMENT**

Decided:  August 2, 2024

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Rivas and Alec Vogelpohl, Assistant Prosecuting
Attorneys, for appellee.

Brian A. Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal of a July 14, 2023 judgment of the Ottawa

County Court of Common Pleas, sentencing appellant to a 36-month term of

incarceration on one count of failure to register his residential address as a sexual

offender, in violation of R.C. 2950.05, a felony of the third degree, a 90-day term of

incarceration on each of six counts of voyeurism, in violation of R.C. 2907.08, misdemeanors of the second degree, a 36-month term of incarceration on one count of tampering with evidence, in violation of R.C. 2921.12, a felony of the third degree, with the voyeurism sentences ordered to be served concurrently with one another, and concurrently with the tampering with evidence sentence, the aggregate of which was ordered to be served consecutively with the failure to register sentence, equaling a 72-month term of incarceration, ordered to be served consecutively with the imposed balance of appellant's terminated post-release control on a prior rape conviction, tallying a total term of incarceration of nine years, four months, and 22 days.

{¶ 2} We note at the outset that appellant unconditionally acknowledges that the trial court made all requisite R.C. 2929.14(C)(4) statutory findings in support of the disputed consecutive sentencing in this case. Nevertheless, appellant argues in broad terms that the trial court incorrectly found that consecutive sentences were necessary to protect the public and were not disproportionate to the danger posed to the public. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Joseph Gallardo, sets forth the following sole assignment of error:

"1. The trial court's imposition of consecutive sentences * * * was not supported by the record."

2.

**{¶ 4}** The following undisputed facts are relevant to this appeal. This case stems from a series of sexual offenses committed by appellant, whose criminal history traces back to the 1980s, whose criminal offenses have consistently been sexual offenses and related offenses committed in the course of committing the sexual offenses, whose criminal offenses range from voyeurism to rape, and who has committed new sexual offenses each time that he has been released on post-release control.

**{¶ 5}** In the context of these facts and circumstances, the Court Diagnostic & Treatment Center accordantly determined that appellant poses a high risk of both sexual offense of violence recidivism and general offense recidivism, thereby presenting a high risk of danger to the public if appellant was again released back into the community.

**{¶ 6}** The 2022 events underpinning this case involve several female neighbors of appellant's mother in Port Clinton, where appellant had been staying when last released on post-release control for prior sex offenses. For several months, appellant engaged in ongoing surveillance of several neighbor women, surreptitiously recording them engaging in intimate activities. Shortly thereafter, appellant relocated to a different Port Clinton residence and failed to notify his probation officer in compliance with his sexual offender registration requirements. Appellant's failure to register triggered an investigation. That investigation uncovered appellant's unlawful acts underlying this case.

{¶ 7} In the failure to register investigation, the officers secured a search warrant for appellant's mobile phone. Subsequent forensic examination of appellant's electronic device revealed that appellant had recently made multiple video recordings, and subsequently, unsuccessfully, attempted to permanently delete the incriminating recordings. Review of the retrieved recordings showed that appellant had been secretly monitoring and recording several female neighbors of his mother, making numerous recordings of the women while they were alone inside of their homes, while they were in a state of undress, and while they engaged in private activities, such as using their bathrooms, showering, changing clothes, and masturbating. These covert recordings were made on multiple occasions, ranging from April 2022, through June 2022. Appellant was out on post-release control on a prior rape conviction at the time of these events. Appellant would slip out of his mother's home at night to lurk around neighboring homes, awaiting opportunities to make the recordings.

{¶ 8} On January 11, 2023, following the conclusion of the investigation, appellant was indicted on two counts of failure to provide notice of change in vehicle information, in violation of R.C. 2950.05, felonies of the first degree, one count of failure to register, in violation of R.C. 2950.05, a felony of the first degree, six counts of voyeurism, in violation of R.C. 2907.08, misdemeanors of the second degree, two counts of menacing by stalking, in violation of R.C. 2903.211, felonies of the fourth degree, two counts of tampering with evidence, in violation of R.C. 2921.12, felonies of the third

4.

degree, six counts of breaking and entering, in violation of R.C. 2911.13, felonies of the fifth degree, one count of failure to provide notice of a change of address, in violation of R.C. 2950.05, a felony of the first degree, and appellant's post-release control was unsuccessfully terminated.

{¶ 9} On April 27, 2023, pursuant to a negotiated plea agreement, appellant pled guilty to one count of failure to register, as amended to a felony of the third degree, in violation of R.C. 2950.05, six counts of voyeurism, in violation of R.C. 2907.08, misdemeanors of the second degree, and one count of tampering with evidence, in violation of R.C. 2921.12, a felony of the third degree. In exchange, the remainder of the charges were dismissed.

{¶ 10} On July 14, 2023, appellant was sentenced. The trial court reviewed the report prepared by the Court Diagnostic & Treatment Center. The report noted that despite multiple, previous incarcerations and the provision of services designed to mitigate the risk of recidivism, appellant consistently reoffended, committing new sexual offenses within a short time upon each release back into the community. The report determined to a reasonable degree of psychological certainty that appellant poses a high risk of recidivism of sexual offenses, including sexual offenses of violence, and general offenses, if released back into the community. In conjunction, the report determined to a reasonable degree of psychological certainty that appellant has demonstrated a persistent

5.

lack of responsiveness to all past treatment and is unlikely to respond to treatment in this case.

{¶ 11} The trial court next heard the testimony of one of the victims. The victim, who lives in immediate proximity to appellant's mother, had been secretly recorded by appellant while alone inside of her home, including appellant recording her using her bathroom, showering, and masturbating.

{¶ 12} The victim testified that she and her husband had moved into their home shortly before this incident. The victim stated that appellant's mother had disclosed to her that he had recently been released from prison. The victim had been nonjudgmental in response to that disclosure. The victim conveyed,

> She [appellant's mother] said, oh, [appellant] just got out of prison. But
> I'm hoping he's going to move away * * * I didn't have any details. I didn't
> really care because it's not my place to be in his business * * * I,
> unfortunately, was naïve * * * I assumed [that] after you serve many years
> in prison, that maybe, [that] maybe [the person would] change. But that
> [was] not the case * * * In December, on my husband's birthday, a
> prosecutor and detective came to our house and informed us what happened
> * * * [Appellant] robbed us of our peace of mind * * * There were many
> nights that my husband and I couldn't sleep because we were just so
> disgusted with what had taken place. And he robbed me of what I thought

*would have been a personal, intimate moment, alone in my house * * * I*

*think he's sick. And it just makes me sick now that I still have to think*

*about those moments and I can't get that back. I can't erase what I know*

*or what he saw*. (Emphasis added).

{¶ 13} Following the victim's testimony, appellee summarized appellant's lengthy sexual offense criminal history, including dozens of voyeurism and peeping offenses, as well as multiple rape convictions. Appellee then noted that appellant had received sexual offender treatment on multiple past occasions, yet committed new sexual offenses within months of each past release, including the commission of two rapes, on January 18 and February 4, 2004, respectively, after being released and placed on post-release control on May 1, 2003.

{¶ 14} Appellee further noted that over the course of appellant's years of involvement in the criminal justice system, evaluations of appellant have consistently found him to be a chronic reoffender, in addition to being a classified sexual predator based upon the multiple prior rape convictions. Appellee concluded,

> The defendant should be sentenced to prison. The state believes that
>
> consecutive sentences are necessary to protect the public from future crime
>
> by the defendant given his criminal history and to punish him. Consecutive
>
> sentences are not disproportionate to the seriousness of his conduct and the
>
> danger that he poses to the public * * * These offenses were committed

7.

while the defendant was [out] again on post-release control * * * The Defendant was released from prison in December of 2021. While still on post-release control, and within seven months after his release, the Defendant didn't just commit one sexually-oriented offense. He committed six [sexually-oriented offenses].

{¶ 15} Counsel for appellant acknowledged, "It is true that [appellant] has been through a number of sex offender training programs. Unfortunately, these programs don't appear to be enough * * * I'm asking for the consideration of an alternative [to incarceration]."

{¶ 16} Appellant next testified to the trial court on his own behalf. Appellant stated,

I'd like to apologize to the victim[s] * * * for invading [their] privacy and violating what you thought was a safe place in your home * * * I was wrong for what I did * * * *I took something from you when I did that * * * I take full responsibility for what I did. There's no excuse for what I did * * * I'm here today to, to ask for, for some help for chance to change*. (Emphasis added).

{¶ 17} The court next reviewed in detail all requisite statutory principles and findings. The court ultimately held, in relevant part, "The court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the

8.

offender's conduct and the danger the offender poses to the public." Appellant was then sentenced to a total term of incarceration of nine years, four months, and 22 days. This appeal ensued.

{¶ 18} In the sole assignment of error, appellant claims that the record of evidence does not support the trial court's imposition of consecutive sentences in this case. Appellant broadly asserts that, "The record demonstrates that consecutive sentences were not necessary to protect the public from future crime or to punish the offender, and they were disproportionate to the * * * danger the offender poses to the public."

{¶ 19} In primary support of this position, appellant cites to his completion of sex offender treatment programs on two past occasions, his participation in alternative treatment programs in connection to past sex offenses, his expression of remorse in this case, and his recent history of gainful employment.

{¶ 20} Under R.C. 2929.14(C)(4), when a trial court imposes multiple prison terms for convictions of multiple offenses, it may require the offender to serve the prison terms consecutively if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and if consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if it also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed

9.

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 21} We reiterate that appellant concedes that, "The trial court made the required findings to impose consecutive sentences under R.C. 2929.14(C)(4), both at the sentencing hearing and in its sentencing entry."

{¶ 22} As this court recently held in *State v. Bickerstaff*, 6th Dist. Lucas Nos. L-23-1013, L-23-1147, 2024-Ohio-871, ¶ 19-20, another case in which the appellant likewise broadly disputed the trial court's consecutive sentencing determination that the appellant presented a danger to the public,

Recently, the Supreme Court firmly pronounced that the plain language of R.C. 2953.08(G(2) requires an appellate court to defer to a trial court's consecutive sentence findings, and a trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the

record. *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 4-5. The court also emphasized that the statutory language does not require that the appellate court have a firm belief or conviction that the record supports the findings. The clear and convincing standard for appellate review in R.C. 2953.08(G)(2) is written in the negative. *Id.* at ¶ 12-15. We have reviewed the record and do not find the trial court's consecutive sentence findings are clearly and convincingly not supported by the record under R.C. 2953.08(G)(2).

{¶ 23} As encapsulated by the Ohio Supreme Court in *State v. Jones*, Slip Opinion No. 2024-Ohio-1083, ¶ 13,

> R.C. 2953.08(G) permits an appellate court to increase, reduce, otherwise modify, or vacate a sentence only if it clearly and convincingly finds that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. The standard to be applied is the standard set forth in the statute: an appellate court has the authority to increase , reduce, otherwise modify or vacate a sentence only after it has reviewed the entire trial-court record and clearly and convincingly found either * * * [t]hat the record does not support the

sentencing court's findings under [certain statutes] or [t]hat the sentence is otherwise contrary to law.  R.C. 2953.08(G)(2).

{¶ 24} In conjunction, as pertains to appellant's additional R.C. 2929.11(A) claim that the disputed sentence imposes an unnecessary burden on government resources, as recently set forth by this court in *State v. Eames*, 6th Dist. Wood Nos. WD-23-023, 2024-Ohio-183, ¶ 10,

However, since the Ohio Supreme Court decided *Jones*, the law governing appellate review of a trial court's consideration of R.C. 2929.11 and 2929.12 in imposing sentences is clear: R.C. 2953.08(G)(2) does not permit an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.  *State v. Bowles*, 2021-Ohio-4401, 181 N.E.3d 1226, ¶ 7 (6th Dist.), quoting *Jones* at ¶ 42; *see also*, *e.g.*, *State v. Johnson*, 6th Dist. Wood No. WD-20-056, 2021-Ohio-2139, ¶14, citing *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 10.

{¶ 25} Lastly, as pertains to the potential need for consideration of the impact of the trial court's sentencing decision upon appellant's aggregate sentence, as recently held in *State v. Polizzi*, ¶ 8 (11th Dist.), "In its October 2023 [*Gwynne*] decision, the Supreme Court, by way of a plurality decision, determined   * * * R.C. 2929.14(C)(4) does not

12.

require express consideration of the aggregate prison term that eventuates from the imposition of consecutive sentences."

{¶ 26} We have carefully reviewed and considered this matter. The record irrefutably shows that appellant, who possesses a lengthy and persistent pattern of sexual offense convictions, incarceration, and sexual offense recidivism shortly after release, despite the completion of multiple sexual offender treatment programs and the provision of other indicated services, while out on post-release control for a prior rape conviction, covertly spied on multiple female neighbors while they were alone inside of their homes. Appellant secretly recorded them in a state of undress, while they were engaged in various private activities, including showering and masturbation, on numerous occasions from April, 2022 through June, 2022. In conjunction, following these actions, appellant relocated to a different residence without complying with sexual offender registration requirements, began driving a different vehicle without complying with sexual offender registration requirements, attempted to delete and destroy the incriminating video recordings, and lastly, appellant wholly acknowledges these actions. This pattern has recurred since the 1980s, regardless of appellant's participation in sexual offender treatment programs and alternative treatment programs ordered in prior cases.

{¶ 27} We find appellant's general, unsupported claim that the record of evidence did not support the trial court's determination that consecutive sentences were necessary to protect the public from future crime, and that they were disproportionate to the danger

13.

posed to the public, to be unpersuasive. Appellant's above-detailed 2022 criminal actions, done while appellant was out on post-release control for a rape conviction, clearly demonstrate otherwise.

{¶ 28} Based upon the foregoing, we do not find that the disputed trial court consecutive sentence findings are clearly and convincingly not supported by the record under R.C. 2953.08(G)(2). Accordingly, appellant's assignment of error is found not well-taken.

{¶ 29} Wherefore, the judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                          _____
                                                       JUDGE

Christine E. Mayle, J.                        _____

Gene A. Zmuda, J.                           JUDGE
CONCUR.

                                                         _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.